THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARIO ESQUILÍN PARÍS, Defendant and Appellant.

No. CR-67-163.     Decided June 28, 1968.

*Luis E. Gandía Arguelles* for appellant. *Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor.*

'General,* and *Israel Arana Arana, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

About 10:00 p.m. on August 30, 1966, a woman was waiting for an autobus at Stop 12, Miramar. A young man invited her to board a light-colored automobile driven by him. She accepted a ride to Stop 22. When they arrived there he did not stop and he went on to Hato Rey. The woman tried to jump from the automobile, but the speed prevented her. They came to a solitary place, in the area of the industrial development Las Tres Monjitas. There he stopped. He threatened her to get her consent to have sexual intercourse with him. She did not consent, but at the end she said she would consent if he let her out of the vehicle to take care of a need. She got out, and when she thought he was not looking at her, she tried to run away asking for help, but he overtook her. He threatened her again and at the end she consented. Upon completion of the act she asked him to take her to a place where she could get transportation. He left her in Hato Rey, near a park where there was a traffic light. When she got off the car, the light turned red and she had the opportunity to see the plate number and jotted it down. From there she went to a police station for Juvenile Assistance. The officer on duty called the officer in charge of the investigations. When the latter arrived she recited to him all the occurrence and supplied to him the number of the license plate. They investigated in the corresponding registries and thus they came to appellant herein. He was taken to the police station where the prosecutrix identified him.

Defendant's defense consisted in an alibi. On that day, and at the same time of the occurrence of the facts related by the prosecutrix, he and his wife were visiting the latter's mother.

Defendant testified to establish his defense. On cross-examination the prosecuting attorney insists again and again,

asking whether he informed the detective, when he was taken to the police station for investigation, where he was on the night of the events. He also emphasized that during the preliminary hearing he did not plead the defense of alibi. Let us see the cross-examination.

"Q. And you did not tell the judge, to whom the case was submitted to determine probable cause in order to accuse you, you did not tell him what you told the gentlemen of the jury as to what had occurred, and what you have said today?

A. No, sir.

Q. You did not tell him: look, last Tuesday, your Honor, August 30, 1966, that this woman alleges that I was, I could not be there or do that to her because on that date and time I was at John Doe's house, you may send for them.

A. Simply, I did not tell him.

Q. Tell me, was there a preliminary hearing in relation to these events?

A. Yes, sir.

Q. Did you testify what you allege happened?

A. I did not testify it; excuse me, may I ask you a question?"

·       ·       ·       ·       ·       ·       ·       ·

"Q. And you did nothing to defend yourself from this woman's allegation in the sense that you had raped her on August 30, you did nothing to defend yourself?

A. Yes, I did.

Q. Are not you saying that you did not tell anything to the Judge?

A. Sure, I told him, this is the first time I see her.

Q. Did you tell him, this is the first time I see her?

A. Yes, sir.

Q. And did you not say a moment ago, that you had told nothing to the Judge, you told something to the Judge, but you did not tell him that on that day, August 30, you were visiting at John Doe's house notwithstanding that according to your wife she had reminded that fact to you?

A. Yes, sir.

Q. You told the Judge, I do not know that woman but you did not tell him, also, let me tell you, Your Honor, that I was at

John Doe's house on August 30, and bring him here to see if it is true.

A. .    .    .    .    .    .    .    .

Q. And why did you not tell that reason, that you had not told anything to the judge because the investigation was sufficient, and yet you did not think the investigation was sufficient when you did not tell him that you did not know that woman?

A. I considered that the only thing I had to say was, Honorable Judge, truly, I do not know this woman."

The course of the cross-examination copied above is equivalent to a comment on the silence of defendant. Actually, the fact that he had remained silent during the investigation and during the preliminary hearing is being commented on.

The judge denied a motion for special instructions made by the defense. At p. 389 of the transcript of evidence there appear the following statements of the defense:

"In order that the motion be included in the record, we shall state it for the record. The defendant, through his attorney, respectfully moves that the jury be given the following instructions:. 'That defendant need not present any version for his defense in the preliminary hearing. That in the course of the investigation a defendant or presumptive defendant need not state any version for his defense.' We take exception to the refusal of the court to transmit said instructions because we believe that not only when the prosecuting attorney examined the defendant as witness, was it mentioned that defendant did not state his theory of alibi in the course of the investigation of the facts, or in the preliminary hearing; and not only did this arise in the course of the prosecuting attorney's interrogatory to defendant but it was also emphatically used by the prosecuting attorney in his opening and closing argument to the gentlemen of the jury."

From the attorney's statements, which are not contradicted by the prosecuting attorney or by the judge, it appears that in his argument to the jury he commented on defendant's attitude in failing to advance any theory of defense when he was under arrest and at the preliminary hearing.

Besides constituting a comment on the silence of defendant the prosecuting attorney tried to discredit the defense of alibi, precisely utilizing the silence of defendant during the preliminary hearing. *Cf. Chapman* v. *California,* 386 U.S. 18 (1967).

And when possibly the judge has the opportunity to correct said error through the instructions requested by the defense, he refuses to transmit them. The Constitution is definite where in § 11 of the Bill of Rights it provides that "the failure of the accused to testify may be neither taken into consideration nor commented upon against him." And in *People* v. *Alvarez,* 85 P.R.R. 569 (1962), we stated that said constitutional provision protects the person from the time he is under arrest. See also, *Miranda* v. *Arizona,* 384 U.S. 436 (1966); *United States* v. *McKinney,* 379 F.2d 259 (6th Cir. 1967); *United States* v. *Mullings,* 364 F.2d 173 (2d Cir. 1966). The error committed entails the reversal of the judgment.

The judgment rendered will be reversed and the case will be remanded for a new trial.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Blanco Lugo and Mr. Justice Ramírez Bages concur in the result.